IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M. GAGNER,
ANITA JOHNSON, CODY R. NELSON,
JENNIFER S. TASSE, SCOTT T. TRINDL, and
MICHAEL R. WILDER,

                     Plaintiffs,

   v.                                                ORDER

JUDGE GERALD C. NICHOL,
JUDGE ELSA LAMELAS,                             15-cv-324-jdp
JUDGE THOMAS BARLAND,
JUDGE HAROLD V. FROEHLICH,
JUDGE TIMOTHY VOCKE,
JUDGE JOHN FRANKE,
KEVIN J. KENNEDY, and MICHAEL HAAS,
*all in their official capacities*,

                     Defendants.

---

      Plaintiffs have moved to "reinstate" the voter ID claims alleged in Counts I and II of their amended complaint. Dkt. 131. Defendants oppose. Dkt. 137. I held a telephonic hearing on the motion on March 18, at which both sides were represented by counsel.

      As the parties recognize, the motion is tantamount to a motion to amend, which would be governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), I must freely grant leave to amend "when justice so requires." It is fairly late in the game for a major substantive change to the scope of the case, particularly given that defendants' motion for summary judgment is already fully briefed. But plaintiffs argue that the issues raised by their proposed amendment are already in play, and that most of the needed discovery is already done. Defendants disagree, and they make plausible arguments that amendment would

require drawing new parties into the case. Defendants also contend that they cannot yet tell precisely what the new issues would be.

I will grant the motion to amend because this is the most efficient means of providing a comprehensive resolution to the matter. I will require that plaintiffs file a second amended complaint by March 25, 2016, separately setting out the new/reinstated claims. As per the stipulation of counsel, defendants need answer only the new allegations; they may incorporate by reference their previous answers to plaintiffs' amended complaint. Dkt. 20. Defendants agree to cooperate with service on any new parties.

At this point, I am not amending the litigation schedule, and I expect both sides to work with special diligence and cooperation to get this case resolved, even if new parties are added. But I will be sympathetic to well-supported requests from defendants for additional discovery, supplemental expert reports, and perhaps a supplemental dispositive motion.

For now, the parties should assume that the case will go to trial as scheduled on May 16, 2016. But I recognize that it may be impractical to try the new/reinstated claims by that time. I will hold a telephonic status conference at 9:00 a.m. on April 12 to consider the trial structure and calendar. The parties are of course free to raise issues that come up before then.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for partial reinstatement of Voter ID Claims, Dkt. 131, is GRANTED. No later than March 25, 2016, plaintiffs must file their second amended complaint.

2. This case is scheduled for a telephonic hearing on April 12, 2016, at 9:00 a.m.

Entered March 21, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge