IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN
EDUCATION FUND, INC., RENEE M.
GAGNER, ANITA JOHNSON, CODY R.
NELSON, JENNIFER S. TASSE, SCOTT
T. TRINDL, MICHAEL R. WILDER,
JOHNNY M. RANDLE, DAVID
WALKER, DAVID APONTE, and
CASSANDRA M. SILAS,

JUDGMENT IN A CIVIL CASE

Case No. 15-cv-324-jdp

  Plaintiffs,

v.

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS,
MICHAEL HAAS, MARK GOTTLIEB,
and KRISTINA BOARDMAN, *all in their
official capacities,*

  Defendants.

This action came before the court for consideration with District Judge James D. Peterson presiding. The issues have been considered and a decision has been rendered.

   IT IS ORDERED AND ADJUDGED that judgment is entered in favor of plaintiffs as follows:

   1. As to Count 1 of the Second Amended Complaint:

      a. The challenged provisions limiting in-person absentee voting to one location per municipality violate the Voting Rights Act; and

b. The challenged provisions restricting the hours and days for in-person absentee voting, except for the provision preventing in-person absentee voting from occurring on the Monday before an election, violate the Voting Rights Act.

2. As to Count 2 of the Second Amended Complaint:

   a. The challenged provisions limiting in-person absentee voting to one location per municipality are unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

   b. The challenged provisions restricting the hours and days for in-person absentee voting, except for the provision preventing in-person absentee voting from occurring on the Monday before an election, are unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

   c. The challenged provisions requiring that "dorm lists" to be used as proof of residence include citizenship information are unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

   d. The challenged provisions increasing the durational residency requirement from 10 days to 28 days are unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

   e. The challenged provisions prohibiting municipal clerks from distributing absentee ballots by fax or email are unconstitutional under the First and Fourteenth Amendments to the United States Constitution; and

   f. The IDPP as implemented is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

3. As to Count 3 of the Second Amended Complaint, the challenged provisions prohibiting voters from using expired, but otherwise qualifying, student IDs are unconstitutional under the Fourteenth Amendment to the United States Constitution.

4. As to Count 5 of the Second Amended Complaint, the challenged provisions of 2013 Wis. Act 146 are unconstitutional under the Fourteenth and Fifteenth Amendments to the United States Constitution.

IT IS FURTHER ORDERED AND ADJUDGED that:

1. Plaintiffs' request for a permanent injunction is GRANTED, and defendants are permanently enjoined from enforcing any of the provisions identified above;

2. Defendants, and their officers, agents, servants, employees, attorneys, and all those acting in active concert or participation with them, or having actual or implicit knowledge of this judgment, are ORDERED to:

    a. Promptly issue a credential valid as a voting ID to any person who enters the IDPP or who has a petition pending;

    b. Provide that any such credential has a term of expiration equivalent to that of a Wisconsin driver license or photo ID and will not be cancelled without cause;

    c. Inform the general public that credentials valid for voting will be issued to persons who enter the IDPP;

    d. Further reform the IDPP so that qualified electors will receive a credential valid for voting without undue burden; and

3. Provisions 2.a. through 2.d., immediately above, are to be effectuated within 30 days so that they will be in place and available for voters well before the November 8, 2016, election.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of defendants on all remaining claims in the Second Amended Complaint.

Approved as to form this __1ST__ day of August, 2016.

_____
James D. Peterson
District Judge

_____      __8/1/16__
Peter Oppeneer, Clerk of Court            Date