IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M. GAGNER,
ANITA JOHNSON, CODY R. NELSON,
JENNIFER S. TASSE, SCOTT T. TRINDL,
MICHAEL R. WILDER, JOHNNY M. RANDLE,
DAVID WALKER, DAVID APONTE, and
CASSANDRA M. SILAS,

                          Plaintiffs,                              ORDER

            v.                                                     15-cv-324-jdp

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS,
MICHAEL HAAS, MARK GOTTLIEB, and
KRISTINA BOARDMAN,
*all in their official capacities*,

                          Defendants.

---

        In its October 13, 2016, order, Dkt. 293, the court found that the DMV and the

WEC had done little to inform the general public that credentials valid for voting would be

issued to persons who enter the IDPP, as the court had previously ordered. Dkt. 234. The

court ordered the parties to confer and to submit a joint report concerning proposed actions

to remediate defendants' non-compliance with the court's July 29, 2016, order, including

quality assurance measures and a public information campaign. The parties submitted the

joint report, as ordered, on October 21, 2016. Dkt. 304.

        The court has already ordered that the DMV and the WEC implement the agreed-

upon measures set out in section I of the joint report. Dkt. 305. Section II of the report sets

out additional measures that plaintiffs propose but defendants oppose. The court will, with one exception, decline to order the additional remedies in section II.

First the exception. The DMV must undertake additional efforts to contact those who have entered the IDPP but have not yet received a voting credential because the DMV has been unable to contact the petitioner. The DMV must attempt to contact family members or associates of the petitioner using whatever contact information is available, including information from CLEAR reports. Heroic measures are not required, but the DMV must at least attempt to contact the family or friends of those petitioners who are entitled to a voting credential but have not received them.

The remaining measures proposed by plaintiffs are impractical or ineffective. Despite the virtues of mobile DMV units, it is unrealistic to think that these could be equipped and deployed before the election. Advertisements in general circulation periodicals or broadcasting outlets are unlikely to reach those who need the IDPP, who tend to be citizens who are less connected to traditional media. The court will not order the state to spend money that is unlikely to produce a meaningful benefit.

The bottom line is that the agreed-upon measures represent the best means of reaching those who need the IDPP to acquire a voting credential.

ORDER

IT IS ORDERED that:

1.  The DMV will undertake additional efforts to contact those who have entered the IDPP but have not yet received a voting credential, as articulated here.

2

2.  The court declines to adopt plaintiffs' remaining phase two proposals.

Entered October 26, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge