IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC., et al.,

       Plaintiffs,

    v.                                     Case No. 15-CV-324

MARK L. THOMSEN, et al.,

       Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ENFORCE THE INJUNCTION
AND MAINTAIN THE STATUS QUO**

---

## INTRODUCTION

The Wisconsin Legislature enacted 2017 Wis. Act 369 ("Act 369"), which became effective December 16, 2018. *See* Wis. Stat. § 991.11. Included in Act 369 are changes to some election administration provisions and a codification of voter ID provisions previously governed by administrative rules or consent decree.

Plaintiffs take issue with three provisions of Act 369: Section 1k broadens the availability of in-person absentee voting from that in 2011 Wis. Act 23 and 2013 Wis. Act 146 to include unlimited hours and weekends for 14 days prior to the election; section 92 codifies the IDPP process which was previously a permanent rule in the administrative code; and section 1 adds technical college IDs to the list of acceptable forms of

voter ID—another provision that was previously part of a permanent rule in the administrative code. None of these changes violate this Court's existing injunction.

Plaintiffs couch their motion as one to maintain the "status quo." (Dkt. 330.) Despite this, most of Plaintiffs' submissions have the effect of creating a new record regarding the legislative intent behind, and effects of, this new law. That effort only goes to show that this Court lacks jurisdiction over Act 369's in-person absentee voting changes. And Plaintiffs' remaining challenges to Act 369's provisions concerning the effective time period for IDPP temporary receipts and use of expired technical college IDs are not bona fide. Act 369's codification of permanent administrative rules containing the same language enjoined by the Court in this case will continue to be enjoined even after the enactment of Act 369—no substantial change occurred, and these issues still await a decision on appeal. Until then, the Court's injunction has been, and continues to be, followed.

Defendants further request that this Court decide the pending motion as soon as possible. That is especially important regarding the State's in-person absentee voting requirements. The Wisconsin Elections Commission, municipal clerks, and voters require notice of the governing procedures prior to the February 19, 2019, spring primary election and the upcoming spring general election. (Wolfe Decl. ¶¶ 11–12, Jan. 2, 2019.) Under

Act 369, in-person absentee voting may begin on February 5 for the spring primary election. (*Id.* ¶ 9.) But if Act 369 is enjoined, municipal clerks may begin in-person absentee voting as soon as ballots are printed after the candidates are certified on January 11. (*Id.*) Type E notices containing the scheduled times and locations for in-person absentee voting also must be published by January 22. (*Id.* ¶¶ 7–8.) Besides the required public notice, municipal clerks may already be attempting to make plans for their in-person absentee hours, including staffing and locations. (*Id.* ¶ 11.) Even those municipalities that are not required to hold a primary election on February 19 will need clarification by late February if they plan to offer in-person absentee voting hours for the spring general election, beyond those allowed under Act 369. (*Id.* ¶ 12.)

## ARGUMENT

### I.   This Court lacks jurisdiction to enter an injunction enjoining the new in-person absentee voting law.

In 2016, this Court found that the then-existing laws governing in-person absentee voting were unenforceable. (Dkt. 234:118.) Central to the Court's conclusion were the specific findings about "the extent to which [the] challenged regulation[s] burden[ ] First and Fourteenth Amendment rights." (Dkt. 234:53–54 (quoting *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)). The Court's analysis also focused on the combination of "only one location for

3

in-person absentee voting" with "reduced hours" in finding that the provisions of Acts 23 and 146 violated the Voting Rights Act. (Dkt. 234:109–10.)

Plaintiffs now ask this Court to broaden its judgment and enjoin a different law, 2017 Wis. Act 369, § 1k, that does not have the time and location limits that were the basis of the Court's 2016 decision. They argue that the new law is in "violation of this Court's injunction" because Act 369 is "virtually identical" to the previous laws governing hours and locations for in-person absentee voting. (Dkt. 331:12.) Plaintiffs are wrong about the substance of the law, and are therefore wrong to suggest that this Court has authority to enjoin the new law via the pending motion.

Rather, with this case currently on appeal, this Court lacks jurisdiction to grant their request for a new injunction.

## A.   District courts have limited jurisdiction during the pendency of an appeal.

In general, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Ced's Inc. v. U.S. E.P.A.*, 745 F.2d 1092, 1095 (7th Cir. 1984). Limited exceptions exist, with the most applicable codified in Fed. R. Civ. P. 62(d), which provides that "[w]hile an appeal is pending from . . . [a] final judgment that grants, continues,

modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Courts have narrowly construed this exception. *See S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 457 F. Supp. 2d 903, 905 (E.D. Wis. 2006); *see also* Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 321 (1992).

Under this narrow exception, district courts may grant injunctive relief in two circumstances after an appeal is filed. For one, district courts may issue injunctive relief "to maintain the status quo of the parties pending the appeal." *United States v. Spectrum Brands, Inc.*, No. 15-CV-371-WMC, 2018 WL 502736, at *1 (W.D. Wis. Jan. 19, 2018) (quoting *United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1170 (D. Colo. 1998) (collecting cases)). Courts also may issue injunctive relief after an appeal is filed "to preserve the integrity of the case on appeal." *S & S Sales Corp.*, 457 F. Supp. 2d at 906.

In either circumstance, however, the rationale underlying limited district court involvement is the same: district court action "must be designed to aid the appeal and, accordingly, may not materially alter the status of the case on appeal." Ides, *supra*, at 321–22. Action by the district court that would alter the matter on appeal, or which would adjudicate matters not

previously addressed, is beyond the court's jurisdiction. *See id.*; *see also McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734–35 (9th Cir. 1982); *accord Ced's Inc.*, 745 F.2d at 1095 (citing *McClatchy*).[1]

## B.  This Court does not have jurisdiction to enjoin section 1k of Act 369.

As this Court acknowledged over two years ago, "[w]hile this case is on appeal, the court's authority is limited to enforcing the current injunction, not entering a new one." (Dkt. 293:6.) The Court was correct then, as was Plaintiffs' counsel, who acknowledged that, "in terms of whether the Court has authority to issue a new injunction, I think you're probably right that you don't have the jurisdiction to do that." (Mot. Hr'g Tr. 8, Oct. 13, 2016.)

Plaintiffs' current motion requests exactly what the Court has already held it cannot do: enter a new injunction as to Act 369. The Court should deny their request to enjoin the new law as beyond the Court's jurisdiction while the case is on appeal.

---

[1] Where a party seeks injunctive relief that would materially alter the status of the case on appeal, the proper procedure (other than a new complaint) is "to request leave of the court of appeals to proceed in the lower court." *S & S Sales Corp.*, 457 F. Supp. 2d at 905 (quoting *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962). Indeed, in the context of legislation altered during the pendency of an appeal, the Supreme Court has instructed that the proper course is for an appellate court to vacate any lower court judgment on the challenged law, while granting the challengers leave to amend their pleadings. *See Diffenderfer v. Cent. Baptist Church of Miami, Inc.*, 404 U.S. 412, 415 (1972) (per curiam).

The Court's current injunction was directed at the specific laws that Plaintiffs challenged in their complaint and was grounded in the facts found about the burdens of the then-operative laws. (*See* Dkt. 234:56–59, 115–16.) Based on the facts at trial about how those laws operated, the Court held unconstitutional "Wisconsin's statutes establishing a one-location rule, Wis. Stat. § 6.855–.86," and "the sections of Act 146 amending Wis. Stat. §§ 6.86(1)(b) to limit the days and times for in-person absentee voting . . . along with the sections of Act 23 that limit the hours for in-person absentee voting." (Dkt. 234:115–16.) The Court's injunction then stated that Defendants "are permanently enjoined from enforcing *any of the provisions held unlawful*." (Dkt. 234:118 (emphasis added).)

Those provisions remain enjoined. Enjoining Act 369 is therefore not necessary to maintain the status quo. The status quo following this Court's decision is that Wisconsin's then-existing regime of in-person absentee voting—ten days of in-person-absentee voting, at one location per municipality, for no more than 110 hours per election—is enjoined.

Contrary to the Plaintiffs' argument, Act 369 is not substantially similar, much less "virtually identical" to the enjoined laws. (*Contra* Dkt. 331:12.) It does not reenact the provisions in "substantially

7

similar" fashion,[2] such that an injunction is required to prevent a return to the now-enjoined ten-day, 110-hour, one-location provisions.

Instead, Act 369 adopts much of the relief this Court's injunction required. Now, municipalities are free to establish unlimited locations for in-person absentee voting. *See* 2017 Wis. Act 369, § 1js. It also provides a 40% increase in the number of days for in-person absentee voting and allows for a potential three-fold increase in the number of hours available for in-person voting, from 110 to up to 336 hours. *Compare* 2013 Wis. Act 146, § 1, *with* 2017 Wis. Act 369, § 1k. These changes address the Court's concerns with the old enjoined law that were considered at trial. Enjoining the new law cannot be justified as necessary to maintain the status quo.

Similarly, an injunction would not fall within the jurisdictional exception for injunctive relief to "preserve the integrity of the case on appeal." Ides, *supra*, at 321. Rather, as addressed in Argument II below, the passage of Act 369, if anything, renders moot the current appeal. In any event, moot or not, enjoining a new law is not necessary to preserve the current appeal.

This Court therefore lacks jurisdiction to grant Plaintiffs' current request for injunctive relief.

---

[2] *See Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (recognizing that amendment to a challenged law moots the challenge unless the amended law is "substantially similar").

## II. Plaintiffs' challenges to the in-person absentee voting provisions in Acts 23 and 146 are now moot.

In addition to the jurisdictional bar, there also is a second, independent reason why the in-person absentee challenge is flawed. In the judgment that is now on appeal, this Court invalidated the in-person absentee voting provisions in Acts 23 and 146. Those laws are now superseded by Act 369. Act 369 is not substantially similar to the currently enjoined statutory provisions, rendering Plaintiffs' challenges to those laws moot. Accordingly, Plaintiffs are not entitled to a new injunction covering the new in-person absentee voting regime created by Act 369.[3]

Any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief. *See MacDonald v. City of Chicago*, 243 F.3d 1021, 1025 (7th Cir. 2001) ("[T]he enactment of the new statute clearly moots the claims of the named appellees.") (alteration in original) (citing *Kremens v. Bartley*, 431 U.S. 119, 129 (1977)); *see also Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) ("When a challenged statute is repealed or significantly amended pending review, *and a plaintiff seeks only*

---

[3] Consistent with this argument, Defendants-Appellants have filed a notice under Fed. R. App. P. 28(j) regarding Act 369 in the pending appeal, noting that the new law supersedes the present in-person absentee voting statute and that the Plaintiffs' challenges to those laws on appeal are now moot. *See One Wisconsin Institute v. Thomsen*, Case Nos. 16-3091 and 16-3083. (7th Cir. Dkt. 94.)

*prospective relief*, a question of mootness arises." (emphasis added)). This is fundamental to the exercise of judicial power under article III of the Constitution because "federal courts may not give opinions upon moot questions or abstract propositions." *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 729 (7th Cir. 2006) (citation omitted). Here, any challenges to Acts 23 and 146 are abstract only, because those acts no longer govern in-person absentee voting practices.

The Seventh Circuit's decision in *Zessar v. Keith*, 536 F.3d 788 (7th Cir. 2008), is instructive. In *Zessar*, the plaintiff alleged that his due process rights were violated because election officials failed to provide him with notice and a hearing prior to rejecting his absentee ballot. *Id.* at 791. The Illinois General Assembly, however, amended the election code while the litigation was pending. After the change, absentee voters were entitled to immediate notice and an opportunity to appear before the election authority to show cause why the ballot should not be rejected. *Id.* at 792. The Seventh Circuit dismissed the case as moot because the amended code was "not substantially similar to the challenged provisions of the pre-amendment [c]ode." *Id.* at 795. The court reasoned that the amended code had not merely been changed "in insignificant ways"; it had instead been sufficiently altered because the amendment had directly addressed the plaintiff's alleged

10

deprivation of certain procedural rights, even if it did not go so far as to cure all of the alleged infirmities. *Id.* at 794–95.

In another case challenging election procedures, *Bradley v. Work*, 154 F.3d 704, 710 (7th Cir. 1998), the Seventh Circuit similarly held that statutory changes to the process for appointing and electing judges mooted the plaintiffs' claim. The court reasoned that statutory changes directly affected one of the processes challenged by the plaintiffs, and that "the evidence in the record [was] now, understandably, uninformative." *Id.* It noted that "[f]uture litigation may prove that the 'totality of the circumstances' under the revised system shows a violation," but that the current record was not sufficient to support any relief pertaining to the new legislation. *Id.*

Just as in *Zessar* and *Bradley*, Act 369 substantially changes the in-person absentee voting provisions previously found unconstitutional in Acts 23 and 146. Act 369 allows municipalities to establish unlimited locations for in-person absentee voting and conduct in-person absentee voting for as many hours they want, including weekends, during the 14 days prior to the election. These changes address the major components challenged in Acts 23 and 146 pertaining to early voting while retaining uniformity as to when in-person absentee voting may commence.

11

Plaintiffs erroneously assert that "[t]here is no difference" between the availability of in-person absentee voting under Act 369 and those previously set forth in Acts 23 and 146. (Dkt. 331:12.) Act 369 fundamentally changes the in-person absentee voting regime in a way that is not reflected in the current record. As acknowledged in *Bradley*, "the evidence in the record is now, understandably, uninformative," 154 F.3d at 710, and any injunctive relief regarding the old laws is now moot.

Given the substantial changes to locations and hours for in-person absentee voting, this case presents neither of the features that could normally defeat mootness when a challenged statute is amended, namely the enactment, or intended enactment, of the same statute, or a statute substantially similar to the one challenged. *See N.E. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993) (concluding that the plaintiffs' challenge was not moot because the challenged statute was amended in insignificant ways and still disadvantaged the plaintiffs); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.11 (1982) (noting that at oral argument the defendant announced its intention to reenact the challenged provision if the district court's decision was vacated). There is no evidence in the record that the Legislature has any intent to reenact the in-person absentee voting

provisions as they stood in Acts 23 and 146. So these exceptions to statutory mootness do not exist here.

Rather, Plaintiffs' current motion is really a new claim, about an entirely new law, which could be raised only in a new lawsuit. *See Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago*, 393 F. App'x 390 (7th Cir. 2010) (stating that "Plaintiffs contend that the new ordinances enacted to supersede the ones challenged in these suits have constitutional flaws. Plaintiffs are entitled to pursue those contentions in new suits. The subject matter of this litigation, however, no longer exists."). Plaintiffs' challenges to the in-person absentee voting provisions in Acts 23 and 146 are moot, and that portion of the case should be dismissed. *Miller v. Benson*, 68 F.3d 163, 165 (7th Cir. 1995) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950)). Given this, there is no basis for a new injunction addressing the in-person absentee voting provisions in Act 369.

## III.   An order regarding the 180-day expiration time for IDPP temporary receipts is redundant and unnecessary.

Plaintiffs argues at length about the codification of the IDPP, but only request relief on the single issue of the expiration date of receipts. Act 369 codified the same IDPP procedures at issue in the case. There is already an order addressing the expiration date and Plaintiffs have identified no reason

that the current order will not be followed. It would be inappropriate for this Court to enter a redundant order re-stating an existing requirement.

Plaintiffs argue that Act 369 codifies the existing IDPP "without making *any* substantive changes" other than the receipt expiration timing in section 92. (Dkt. 331:2.) But it also acknowledges that the order to reform the IDPP is stayed pending appeal. (Dkt. 331:7–8 n.7.) Plaintiffs' brief says that it does "not specifically seek enforcement of this portion of the injunction [requiring IDPP reform] at this time" and that the "present motion to enforce this Court's IDPP rulings is limited to Section 92 and the reduction of the temporary receipt period." (Dkt. 331:7–8 n.7.)

Plaintiffs are referring to section 92 of Act 369, which states that IDPP receipts "shall be valid for a period not to exceed 60 days." This Court ordered on October 13, 2016, that IDPP temporary receipts expire after 180 days as opposed to 60 days. (Dkt. 293:8.) Plaintiffs argue that section 92 is a "reversal" of this Court's order that "directly violates this Court's injunction." (Dkt. 331:14.)

Nothing about the text of Act 369 substantially changes the IDPP procedures such that it would moot the Court's current injunction. To the contrary, all receipts being issued now are valid for 180 days. (Boardman Decl. ¶ 4, Jan. 2, 2019.) Plaintiffs have identified no reason to think that the current injunction requiring a 180-day expiration will not be followed, and it

does not appear that Plaintiffs even made an inquiry into whether there would be any change. The reality is that DMV is currently issuing receipts with a 180-day expiration and has no current intention to change that practice. (*Id.* ¶¶ 1–6.)

This Court's orders regarding the IDPP, including the 180-day receipt requirement, are on appeal, and Defendants believe they are likely to be reversed. If there is a reversal, the 180-day court-ordered requirement will be eliminated. Section 92 of Act 369 includes the time period that will be effective if this Court's 180-day order is reversed, vacated, or otherwise modified. The new section merely puts in place a framework in anticipation of the court of appeals decision. It is not a reversal of this Court's order, and does not warrant a second redundant order.

## IV.   Section 1 of Act 369 does not create a conflict with this Court's injunction related to expired IDs.

Plaintiffs also request enforcement of this Court's July 29, 2016, order and injunction with regard to section 1 of Act 369. (Dkt. 330:2; 331:14–15.) That section amends Wis. Stat. § 5.02(6m)(f), governing college IDs, but it changes nothing relevant. The change incorporates a permanent administrative rule that was enacted during the pendency of this case to clarify that student IDs from a technical college are an acceptable form of voter ID. *See* Wis. Admin. Code § EL 10.02. This change mooted Plaintiffs'

15

earlier claim regarding technical college IDs, which was subsequently dropped. (*See* Dkt. 185:20.) Section 1 of Act 369 simply incorporates that rule into the statute. That has no bearing on this Court's injunction, which concerned acceptance of expired IDs. Plaintiffs' request for this Court's intervention is misplaced.

Plaintiffs refer to a portion of this Court's July 29, 2016, decision that explained that Plaintiffs challenge "only the requirement that the ID card be unexpired when a voter presents it at the polls." *One Wis. Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896, 962 (W.D. Wis. 2016); (*see* Dkt. 234; 331:14–15.) The Court clarified that "Plaintiffs have not directed their rational basis challenge to the requirement that a voter with a college or university ID also present proof of enrollment at the issuing institution. Nor have plaintiffs challenged the rational basis for permitting only IDs that expire no more than two years after issuance." *Id.* In ruling in the plaintiffs' favor, the Court then concluded that "[t]he only thing that will change is that the ID card that a college or university student actually presents at the polls *can be expired*." *Id.* (emphasis added).

The amendment made in section 1 of Act 369 did not change the enjoined language. Prior to the Act, Wis. Stat. § 5.02(6m)(f) stated:

> *An unexpired identification card* issued by a university or college in this state that is accredited, as defined in s. 39.30(1)(d), that contains the date of issuance and signature of the individual to whom

it is issued and that contains an expiration date indicating that the card expires no later than 2 years after the date of issuance if the individual establishes that he or she is enrolled as a student at the university or college on the date that the card is presented.

Wis. Stat. § 5.02(6m)(f) (2017–18). The enjoined language is italicized.

The amendment in section 1 of Act 369 simply added this underlined text:

> 5.02(6m)(f) *An unexpired identification card* issued by a university or college in this state that is accredited, as defined in s. 39.30(1)(d), <u>or by a technical college in this state that is a member of and governed by the technical college system under ch. 38,</u> that contains the date of issuance and signature of the individual to whom it is issued and that contains an expiration date indicating that the card expires no later than 2 years after the date of issuance if the individual establishes that he or she is enrolled as a student at the university or college on the date that the card is presented.

2017 Wis. Act 369, § 1. The italicized and underlined language do not overlap. This Court's injunction directs that the types of college IDs listed in Wis. Stat. § 5.02(6m)(f) must be accepted even if "expired," meaning the "unexpired identification card" language currently is not in effect. *See One Wis. Inst., Inc.*, 198 F. Supp. 3d at 962. That remains the case. Now there is just another form of ID on the list that may be expired, so long as the expiration clause is enjoined. In other words, the amended version is *more* inclusive and conforms to an uncontroversial rule change that occurred

during the litigation of this case. That of course poses no problem under this Court's injunction.[4]

Finally, and for clarity's sake only, Plaintiffs appear to misunderstand this Court's decision in another respect. They state that the Court enjoined the "contains an expiration date" clause in Wis. Stat. § 5.02(6m)(f) (Dkt. 331:10, 14), but they misread the decision. It did not address a challenge to the requirement that an ID *contain* an expiration date: "Without the requirement that a voter present an unexpired college or university ID, it seems unnecessary to regulate the ID's expiration date. *But that is outside the scope of plaintiffs' challenge*, and so the court will leave it to the state to determine whether this provision is still necessary." *One Wis. Inst., Inc.*, 198 F. Supp. 3d at 962 n.24 (emphasis added). Restated, "[t]hese requirements still apply." *Id.* at 962. What this Court enjoined is the requirement that the ID *be* unexpired: "The only thing that will change is the ID card . . . can be expired." *Id.* In any event, no matter how viewed, the present amendment has no impact on a ruling about expiration.

The motion on this topic should be denied, as it raises no bona fide issue.

---

[4] Plaintiffs are essentially arguing that the Legislature was required to repeal the "unexpired" requirement. Plaintiffs offer no legal support for requiring the Legislature to remove that enjoined language, which is currently subject to an appeal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to enforce the injunction and maintain the status quo be denied.

Dated this 3rd day of January, 2019.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General of Wisconsin

s/ Jody J. Schmelzer
JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

GABE JOHNSON-KARP
Assistant Attorney General
State Bar #1084731

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3094 (Schmelzer)
(608) 267-8904 (Johnson-Karp)
(608) 267-2223 (Fax)
schmelzerjj@doj.state.wi.us
johnsonkarpg@doj.state.wi.us