IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M. GAGNER,
ANITA JOHNSON, CODY R. NELSON,
JENNIFER S. TASSE, SCOTT T. TRINDL,
MICHAEL R. WILDER, JOHNNY M. RANDLE,
DAVID WALKER, DAVID APONTE, and
CASSANDRA M. SILAS,

                Plaintiffs,

  v.

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS,
MICHAEL HAAS, MARK GOTTLIEB, and
KRISTINA BOARDMAN,
*all in their official capacities*,

                Defendants.

ORDER

15-cv-324-jdp

---

      Plaintiffs contend that 2017 Wisconsin Act 369, enacted by the Wisconsin legislature in December 2018, violates injunctions issued in this case in 2016. So plaintiffs seek an order enforcing the injunction against three provisions of Act 369: (1) limits on the time for in-person absentee voting; (2) restrictions on the use of student identification cards for voting; and (3) a time limit on the validity of temporary identification cards issued under the ID Petition Process. Dkt. 330. The court will grant plaintiffs' motion to enforce the injunctions. This is not a close question: the three challenged provisions are clearly inconsistent with the injunctions that the court has issued in this case.

ANALYSIS

The court retains jurisdiction to enforce its own orders even while the appeal is pending, as all parties agree. *Frank v. Walker*, 835 F.3d 649, 652 (7th Cir. 2016) ("The Western District has the authority to monitor compliance with its injunction, and we trust that it will do so conscientiously . . ."). The question is whether the challenged provisions fall within the scope of the injunctions issued in this case. The parties debate the legislative intent behind Act 369, but the court need not resolve that issue to decide plaintiffs' motion. Regardless why the state legislature enacted the law, all the provisions at issue are encompassed by the injunctions and are therefore enjoined.

Plaintiffs first challenge § 1k of Act 369, which states that in-person absentee voting, or early voting, may occur "no earlier than 14 days preceding the election and no later than the Sunday preceding the election." Section 1k violates the court's July 29, 2016 order, which enjoined defendants from enforcing "[t]he state-imposed limits on the time for in-person absentee voting, with the exception of the prohibition applicable to the Monday before election day." *One Wisconsin Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896, 964 (W.D. Wis. 2016). At the time the court issued the injunction, one of those limits was a 10-day window for in-person absentee voting. *Id.* at 931. Although Act 369 expands the early voting window slightly, it is still a "state-imposed limit[] on the time for in-person absentee voting," so it violates the injunction.

Defendants' arguments to the contrary are not persuasive. First, defendants say that the court's injunction was directed at specific laws in effect at the time and that Act 369 is a new law, so it falls outside the scope of the injunction. But the scope of the injunction relates to conduct that the court concluded was unlawful; the particular statutory provisions at issue are

not important. If the court accepted defendants' argument, it would mean that a legislative body could evade an injunction simply by reenacting an identical law and giving it a new number.

Second, defendants say that Act 369 changes the scope of the law by eliminating some restrictions on in-person absentee voting that the court found to be unlawful. For example, the new law does not place restrictions on hours or locations for in-person absentee voting. According to defendants, "[t]hese changes address the Court's concerns with the old enjoined law that were considered at trial," so "[e]njoining the new law cannot be justified as necessary to maintain the status quo." Dkt. 333, at 8. This argument ignores the fact that the court concluded that each restriction was independently unlawful and enjoined them separately. Defendants do not point to any language in the court's opinion or injunction in which the court relied on the cumulative effect of the voting restrictions as justification for enjoining them. A party cannot avoid an injunction by complying with parts of it while disregarding others.

Third, defendants rely on two cases to support the proposition that the new law moots plaintiffs' challenge to the restrictions on in-person absentee voting, *Zessar v. Keith*, 536 F.3d 788 (7th Cir. 2008), and *Bradley v. Work*, 154 F.3d 704 (7th Cir. 1998). But both *Zessar* and *Bradley* are readily distinguishable.

In *Zessar*, the district court held that a state law about absentee voting violated the Due Process Clause because it did not require election officials to give the voter timely notice if her vote was rejected. 536 F.3d at 791. The court of appeals held that the state legislature mooted the claim when it enacted a new provision that required election officials to give the voter notice of a rejection "before the close of the period of counting provisional ballots." *Id.* at 792

3

(citing 10 ILCS 5/19–8(g–5) (2006)). In *Bradley*, the court of appeals affirmed the decision of the district court that it could not consider a challenge under the Voting Rights Act to Indiana's system of selection of state-court judges after the state changed the electoral process. *Bradley*, 154 F.3d at 710.

Neither of these cases is instructive. Neither case raised questions about the scope of a district court's injunction. And both cases involved new laws that made substantial changes to the challenged conduct. In this case, the new law still restricts the amount of time that a municipality may offer in-person absentee voting. Defendants do not even attempt to show that that there is a material difference between the number of days permitted under Act 369 and the number of days permitted under the previous law. The bottom line is that § 1k includes a restriction that is inconsistent with the court's injunction, so that restriction is enjoined.

Plaintiffs also challenge § 1 and § 92 of Act 369. Section 1 prohibits a voter from using an expired student ID; § 92 prohibits a voter from using a temporary ID for more than 60 days.

Defendants acknowledge that both provisions fall within the scope of the injunctions issued in this case. *See One Wisconsin*, 198 F. Supp. 3d at 964 ("The prohibition on using expired, but otherwise qualifying, student IDs is unconstitutional under the First and Fourteenth Amendments to the United States Constitution" and "defendants are permanently enjoined from enforcing" that prohibition); Dkt. 293, at 8 (requiring that temporary IDs be valid for at least 180 days). But defendants say that the point of enacting the provisions was not to defy the court's order. Rather, defendants say, the legislature amended the pertinent statutory provisions for other reasons that have nothing to do with the conduct enjoined by the court. (Section 1 also added language about IDs issued by technical colleges and § 92 also added language that requires state officials to provide a receipt to an applicant for an ID card.)

4

Defendants say that the language that prohibits voters from using expired student IDs or temporary IDs more than 60 days old was included in the provisions simply to anticipate the possibility that the court of appeals will uphold the provisions. *Id.* at 13–15. And, the argument goes, there is "no reason to think" that officials will not follow the court's injunctions despite § 1 and § 92 of Act 369, so enjoining those provisions would be "redundant and unnecessary" while the appeal is pending. Dkt. 333, at 13–15.

This argument is inconsistent with the rest of defendants' brief. In arguing against enjoining § 1k, defendants contend that the new law moots the existing injunction. But in the context of § 1 and § 92, defendants argue that a new law is covered by the existing injunction, so there is no need to enjoin it. This inconsistency is persuasive evidence that it may not be clear to election officials whether § 1 and § 92 mooted the injunction or whether those sections are enjoined. So the court will grant plaintiffs' motion as to those provisions as well.

ORDER

IT IS ORDERED that plaintiffs' motion to enforce the court's injunctions, Dkt. 330, is GRANTED. The injunctions issued in this case apply to the challenged portions of §§ 1, 1k, and 92 of 2017 Wisconsin Act 369.

Entered January 17, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge