IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M. GAGNER,
ANITA JOHNSON, CODY R. NELSON,
JENNIFER S. TASSE, SCOTT T. TRINDL,
MICHAEL R. WILDER, JOHNNY M. RANDLE,
DAVID WALKER, DAVID APONTE, and
CASSANDRA M. SILAS,

                Plaintiffs,                OPINION and ORDER

   v.

                                           15-cv-324-jdp

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS,
MICHAEL HAAS, MARK GOTTLIEB, and
KRISTINA BOARDMAN,
*all in their official capacities*,

                Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUSTIN LUFT, et al.,
on behalf of themselves and all others similarly situated,

                Plaintiffs,                OPINION and ORDER

   v.

                                           11-cv-1128-jdp

TONY EVERS, et al.,

                Defendants.

Both of these cases have been remanded by the court of appeals for a limited purpose: to determine the validity of Wisconsin's ID petition process (IDPP), which allows residents to

obtain a state ID for voting if they don't already have a qualifying ID. This court had previously identified several flaws with the IDPP and issued an injunction to correct the problems. *One Wisconsin Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896 (W.D. Wis. 2016). But the state updated the IDPP after this court issued the injunction, so the court of appeals vacated the injunction without deciding the validity of the IDPP and directed this court to evaluate the new version. *Luft v. Evers*, 963 F.3d 665, 680 (7th Cir. 2020).

The Wisconsin Legislature now moves to intervene in both cases under Federal Rule of Civil Procedure 24. Dkt. 340. In its opening brief, the legislature's primary argument for intervention was that the existing defendants—all state officials represented by the Wisconsin Department of Justice—wouldn't adequately represent the legislature's "interest in the validity or enforceability of its laws." Dkt. 341, at 13. In support of this view, the legislature pointed to other cases in which it said that DOJ "had refused to defend the State's election laws." *Id.* at 2. But the legislature dropped this argument in its reply brief, after defendants made it clear in multiple filings that they will defend the current version of IDPP and the state laws on which it is based. *See* Dkt. 349 and Dkt. 350. The legislature now argues instead that defendants won't adequately protect its interest because the schedule defendants proposed doesn't allow adequate time for appellate review, suggesting that they won't appeal any adverse decisions from this court. Dkt. 358, at 1. Alternatively, the legislature asks that it be allowed to intervene "with the condition that the Legislature will not participate in any discovery ordered by this Court on remand." *Id.* at 2.

The court will deny the legislature's motion. "[F]ederal law does not mandate that a state speak in a single voice, [but] Federal Rule of Civil Procedure 24 expresses a preference for it." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 796 (7th Cir. 2019). In this

case, the legislature is adequately represented by the defendants, who have made it clear that they will vigorously defend IDPP. Any concerns about appeal are speculative and premature. Even if the legislature doesn't participate in discovery, allowing the legislature to intervene could lead to an inconsistent and chaotic presentation of the issues, something that the impending election doesn't allow for. Any independent interest that the legislature has in expressing its own view is accommodated by allowing the legislature to file amicus curiae briefs on any dispositive motions.

## ANALYSIS

The legislature seeks to intervene under both Rule 24(a)(2) (intervention as of right) and Rule 24(b)(1)(B) (permissive intervention). The court will consider each in turn.

### A. Intervention as of right

A proposed intervenor must show four things to intervene as of right: (1) its motion is timely; (2) it has an interest relating to the subject matter of the action; (3) its interest may be impaired by the outcome of the case; and (4) the existing parties do not adequately represent its interest. *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019).[1] The legislature's motion fails under the fourth requirement.

*Planned Parenthood* provides significant guidance. In that case, the Wisconsin legislature moved to intervene in a case involving a challenge to Wisconsin abortion restrictions. All the defendants, including the attorney general, were public officials who were being represented by

---

[1] Rule 24(c) also imposes a requirement to file "a pleading that sets out the claim or defense for which intervention is sought." As plaintiffs point out, the legislature didn't comply with this requirement. But that deficiency could be fixed, and there are more substantive reasons for denying the legislature's motion, so the court need not dwell on this issue.

the Wisconsin Department of Justice. The court of appeals affirmed the district court's decision denying the legislature's motion, concluding that the legislature hadn't shown that the defendants would be an inadequate representative of the legislature.

The court of appeals identified three standards for determining adequacy, depending on the facts of the case. The general rule is that the intervenor must show that that the existing parties' representation "may be" inadequate. *Id.* at 799. But if the intervenor and a party share "the same goal" in the case, the intervenor must show "some conflict" that warrants intervention. *Id.* And if the case already includes "a governmental body charged by law with protecting the interests of the proposed intervenors," then the intervenor must make "a showing of gross negligence or bad faith" on the part of the government. *Id.*

The court appeals agreed with the district court that the third test should apply because the legislature and the attorney general had "the same objective," which was "ensuring the validity of Wisconsin law," and both were representing the interests of the state. *Id.* at 801. Although the legislature wanted to take a different litigation strategy than the attorney general, that wasn't enough to show a conflict. *Id.*

In this case, the legislature doesn't contend that it can show gross negligence or bad faith on the part of the defendants. Instead, the legislature contends that it has to show only that defendants' representation "may be" inadequate because they don't share the same goal. But the legislature's only basis for that contention is that it believes that defendants don't intend to appeal any adverse rulings issued by this court. Dkt. 358, at 10.

Defendants haven't said one way or the other whether they plan to appeal any adverse rulings, so the legislature's view is speculative. But even if the legislature is correct about defendants' intentions, the legislature cites no authority for the view that a difference in

4

.

intentions about a *potential* appeal is enough to show that the parties don't share the same goal for the purpose of intervening in the district court. *If* this court finds that any aspect of the IDPP is invalid and *if* defendants choose not to appeal that decision, the legislature may move to intervene at that time for the purpose of appeal. *See Douglas v. The W. Union Co.*, 955 F.3d 662, 664–65 (7th Cir. 2020) ("A nonparty who is dissatisfied with a ruling in the district court must seek to intervene for purposes of appeal (and a denial of a request to intervene is itself appealable)."); *Flying J., Inc. v. Van Hollen*, 578 F.3d 569, 573–74 (7th Cir. 2009) (granting intervention as of right to appeal adverse decision when the government chose not to defend constitutionality of statute on appeal). The legislature has already stated that it believes that the case should be resolved in this court by September 24 to allow an adequate time for appeal. Dkt. 354, at 1. The court will consider that view when setting a schedule for the case.

The situation in this case is legally indistinguishable from *Planned Parenthood*. Both defendants and the legislature are representing the state's interests and both share the goal of defending the IDPP. Defendants are not conceding that any aspect of the IDPP is invalid. That is enough to show that defendants and the legislature share the same goal. The legislature hasn't shown that defendants have acted negligently or in bad faith, so it isn't entitled to intervene as of right.

## B. Permissive intervention

Alternatively, the legislature asks for permissive intervention under Rule 24(b)(1)(B), which allows intervention on timely motion if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to allow permissive intervention is discretionary, *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000), but the court must consider "whether the intervention will unduly

5

delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The court will deny permissive intervention as well, both because the motion is untimely and because allowing the legislature to intervene would unnecessarily complicate the case and prejudice the other parties.

"The test for timeliness is essentially one of reasonableness: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 388–89 (7th Cir. 2019) (internal quotation marks omitted). The legislature's motion is untimely because these cases were filed more than five years ago, and the validity of the IDPP process has been an issue in the cases since the beginning. The legislature's only asserted reason for waiting so long to intervene is that it "has only become clear recently that the current Wisconsin DOJ administration will not defend the state's election laws." Dkt. 341, at 9. But as already discussed, the defendants *are* offering a full defense of the IDPP. So the reasons for intervening now are no different from the reasons for intervening in 2015.

Allowing the legislature to intervene would also complicate the case and potentially prejudice the other parties. Everyone agrees on one thing: time is of the essence. So we need an efficient, streamlined process for bringing this case to a resolution. Allowing multiple parties with different counsel to adopt different litigation strategies for achieving the same result is not conducive to such a process. *See Planned Parenthood,* 942 F.3d at 801–02 ("[A]llowing a single entity, even a state, to have two independent parties simultaneously representing it [can lead to an] "intractable procedural mess.").

The legislature insists that its status as a party won't be disruptive because it will agree to condition its intervention on being excluded from discovery. But this is an insignificant

6

concession because the legislature has already acknowledged that it has no interest in discovery; it wants to move to dismiss the complaint instead. Dkt. 354, at 1–2. That is not the strategy of the existing defendants, so the legislature's entrance into the case would simply create delay, confusion, and disruption.

So the court will deny the legislature's request for permissive intervention as well. But the court will allow the legislature to proceed as amicus curiae on any dispositive motions. That is sufficient to protect the legislature's interests in the district court.

ORDER

IT IS ORDERED that the Wisconsin Legislature's motion to intervene, Dkt. 340, is DENIED. But the legislature may serve as amicus curiae on any dispositive motion.

Entered August 20, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge