IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M.
GAGNER, ANITA JOHNSON,
CODY R. NELSON, JENNIFER S. TASSE,
SCOTT T. TRINDL, MICHAEL R. WILDER,
JOHNNY M. RANDLE, DAVID WALKER
DAVID APONTE, and CASSANDRA M.
SILAS,

                Plaintiffs,

v.                                                                       15-cv-324-jdp

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS, MICHAEL
HAAS, MARK GOTTLIEB, and
KRISTINA BOARDMAN,
*all in their official capacities,*

                Defendants.

JUSTIN LUFT, et al.,
    on behalf of themselves and all others similarly
    situated,

                Plaintiffs,

v.                                                                       20-cv-768-jdp

TONY EVERS, et al.,

                Defendants.

**[PROPOSED] ORDER FOR PRELIMINARY INJUNCTION**

This matter came before this Court upon the *Luft* Plaintiffs' Motion for a Preliminary Injunction, which was filed with this Court on September 18, 2020. The Court has reviewed the

papers filed and heard argument from counsel for the parties. This Court finds that the *Luft* Plaintiffs have demonstrated a need for preliminary injunctive relief in this case.

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS:

a. The *Luft* Plaintiffs' Motion for a Preliminary Injunction is hereby granted.

b. The Defendants, through the Department of Motor Vehicles ("DMV") and the Wisconsin Elections Commission ("WEC"), are ordered to:

1. Issue a voter ID card that is valid for 8 years ("Hard Card") to any voter who has (i) had their name, date of birth, and social security number verified through the Social Security Online Verification System ("SSOLV"); (ii) submitted proof of Wisconsin residency; and (iii) sworn under penalty of perjury that they are a U.S. citizen.

2. Issue a Hard Card by the time the initial Temporary Receipt expires to any voter who has complied with *reasonable* requests for information, unless the DMV has a genuine reason to suspect that the voter is ineligible. The absence of documentation does not itself constitute such a reason.

3. Permit voters to use affidavits—akin to the common law name change affidavit—to resolve other issues in a voter's background documents (*e.g.*, birth date discrepancies, mismatches between current name and name in voter's SSA record, and missing information regarding birth details) unless the DMV has a genuine reason to suspect that the voter is ineligible. The absence of documentation does not itself constitute such a reason.

4. Inquire whether a voter knows of any potential name discrepancy issues at the time the IDPP application is submitted and permit voters to use a common law name change affidavit at that time.

5. Establish a process that provides notice and a hearing before a neutral decision maker to voters denied Temporary Receipts or Hard Cards by the DMV due to (1) claims of ineligibility, fraud, or any other reason or (2) the DMV's failure to resolve their IDPP petition within 180 days.

6. Send a targeted mailing no later than October 6, 2020, to all registered voters without a Wisconsin driver's license or ID informing them of the ID requirement and the IDPP system.

7. Include the following language: "Need an ID for voting? Through the DMV's ID petition process, you can get a free ID even if you don't have documents like a birth certificate" on (i) any future mailing or publication that mentions the voter ID requirement, (ii) all relevant websites that mention the voter ID requirement, and (iii) all DMV and/or WEC hotlines.

8. Ensure that IDPP information (such as the Palm Card) is posted at all municipal clerk's offices, on all municipal clerk's websites, and at all early voting sites and polling places, and is provided along with provisional ballot instructions to any voter who is offered a provisional ballot.

9. Amend the Form MV3012, the Temporary Receipt, the Takeaway Document, and the Palm Card to conspicuously explain: (i) that a voter must remain in contact with DMV for a specified time to continue receiving Temporary Receipts, (ii) that if the voter loses contact and the petition is

cancelled or denied the voter may reinstate the petition and receive a Temporary Receipt by contacting the DMV and (iii) that the voter has rights to a hearing, as noted above; and

10. Comply with the IDPP information plan that the Court ordered in October 2016, and to:

   i. Offer the Palm Card—in digital and printed format and in Spanish and English—to all organizations identified in the October 21, 2016 Joint Status Report, as well as to organizations identified in footnote 21 of the Luft Plaintiffs' Brief in Support of the Motion for Preliminary Injunction, to state public assistance agencies, and to state agencies serving low income and homeless persons;

   ii. Personally contact and offer to meet, train, and discuss outreach and IDPP with all organizations identified in the preceding paragraph, as well as organizations identified in the Joint Status Report of October 21, 2016, no later than the week of October 12, 2020;

   iii. Ensure that both Spanish and English versions of the Palm Card are conspicuously posted in all DMV offices and on any DMV web page related to ID and IDPP, and that a copy of the Palm Card is given to any voter seeking an ID card at a DMV office; and

   iv. Comply with all elements of the IDPP information plan WEC has already established for this fall and ensure that IDPP information

      provided as any part of media availability or outreach is also

      offered to media serving minority communities.

  c.  The Preliminary Injunction shall remain in effect until further order of the Court.


Dated:            BY THE COURT:

                _____
                HON. JAMES D. PETERSON
                U.S. District Judge