## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN INSTITUTE, INC.,
*et al.*,

      Plaintiffs,

    v.

MARK L. THOMSEN, *et al.*,

      Defendants; and

THE WISCONSIN LEGISLATURE,

      Proposed Intervenor-
      Defendant.

Case No. 3:15-cv-00324-JDP

---

JUSTIN LUFT, *et al.*,

      Plaintiffs,

    v.

TONY EVERS, Governor of Wisconsin,
*et al.*,

      Defendants; and

THE WISCONSIN LEGISLATURE,

      Proposed Intervenor-
      Defendant.

Case No. 3:20-cv-00768-JDP

---

## THE WISCONSIN LEGISLATURE'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO INTERVENE AS DEFENDANT

      The Wisconsin Legislature moves to intervene as of right and permissively in this matter under Federal Rule of Civil Procedure 24. In addition to the Legislature's previous arguments for intervention, circumstances have changed in ways that both (1) ameliorate this Court's previous concerns about the Legislature's permissive

intervention and (2) undermine the Court's previous conclusion that amicus status is "sufficient to protect the legislature's interests." Dkt. No. 362 at 7. In light of this Court's imminent September 22, 2020 briefing deadline (followed soon by the September 25, 2020 hearing), the Legislature respectfully requests an **expedited ruling as soon as practicable.**

Plaintiffs have filed expansive requests for preliminary injunctions of the State's voter ID Petition Process ("IDPP"), but plaintiffs filed their briefs supporting these wide-ranging requests completely under seal. Plaintiffs' precise legal arguments and the potential full scope of their preliminary-injunction motions are thus concealed from the Legislature. So granting the Legislature intervention to participate as a party and see the plaintiffs' full arguments would now protect the Legislature's and the State's interests in defending the IDPP.

Furthermore, the Legislature's intervention will not prejudice any party. This Court has already granted the Legislature permission to file an amicus brief raising legal arguments addressing the pending dispositive motions about the IDPP. By granting the Legislature intervention now, the Legislature could see the full extent of plaintiffs' legal arguments and their requests for relief, which would render the Legislature's brief on these dispositive motions more useful to this Court and the parties.

The Legislature is also willing to accept conditions on its intervention: Specifically, this Court can condition the Legislature's intervention on the basis that (1) the Legislature will not participate in the Court's upcoming September 25, 2020

hearing, (2) the Legislature cannot engage in any future discovery in this case, should future discovery be necessary, and (3) the Legislature will not file a motion to dismiss on the pleadings. These reasonable conditions would keep the litigation streamlined, and the Legislature's involvement now would have no effect on the discovery that the parties have completed.

## ARGUMENT

As an initial matter, the Legislature incorporates its arguments in favor of intervention as of right and permissive intervention from its July 29, 2020 motion to intervene and its August 17, 2020 reply in support of that motion. Dkt. No. 341; Dkt. No. 358.[1]

In brief, Wisconsin has granted its Legislature the authority to represent the State in court and further the State's "cognizable interest" in the "continued enforceability of its laws." *Hollingsworth v. Perry*, 570 U.S. 693, 709-10 (2013) (citations omitted). Sections 803.09(2m) and 13.365(3) of the Wisconsin Statutes "represent[] the State of Wisconsin's strong policy judgment of how it wishes to litigate in federal court," and they are the same statutes that made the Seventh Circuit "comfortable adopting the . . . assumption" that the Legislature has "standing as an agent of the State of Wisconsin" to defend the validity of state law. *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 798 (7th Cir. 2019); *accord Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Allowing the Legislature

---

[1] All citations to "Dkt." are to the docket in *One Wisconsin Institute v. Thomsen*, No. 3:15-cv-00324-JDP.

to intervene also will allow it to seek appellate relief for any injunction ordered by this Court: "No matter how many people can appeal a judgment on behalf of a state, there would still be only a single appeal," and the mere prospect of appeal "prejudices no one and causes no unjustified strain on the courts." *Planned Parenthood*, 942 F.3d at 802-03 (citation omitted).

Since the Legislature's July motion to intervene, circumstances have changed that further counsel in favor of permissive intervention. Fed. R. Civ. P. 24(b)(1) (requiring timely application and "a claim or defense that shares with the main action a common question of law or fact"). This Court denied the Legislature's previous request for permissive intervention because the Court concluded (1) the Legislature's motion was untimely, and (2) "[a]llowing the legislature to intervene would also complicate the case and potentially prejudice the other parties" because the Legislature believed the remaining challenges to the IDPP could be dismissed on the pleadings, which was "not the strategy of the existing defendants." Dkt. No. 362 at 6, 7.

*First*, the Legislature's motion is "timely" under the "unusual circumstances" of this case because the Legislature's intervention will not prejudice any party to the litigation—which is the "*most important consideration* in deciding whether a motion for intervention is untimely[.]" *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 389-90 (7th Cir. 2019) (emphasis added) (citation omitted). Regardless of when these lawsuits were initially filed, it will not prejudice any parties to allow the Legislature to intervene now, *after* the remand discovery on the current IDPP has

been completed and *while* briefing on the current IDPP's validity occurs. The Legislature will already be filing a brief raising legal arguments about the pending dispositive motions on the IDPP, so granting the Legislature intervention to file this brief as an intervening defendant—while allowing the Legislature to see the full scope of plaintiffs' legal arguments and requests for relief—will not prejudice anyone. And it is especially important for the Legislature to be able to represent the State's interests in the defense of the IDPP in light of plaintiffs' expansive motions for injunctive relief, which request "fundamental reform[]" to the IDPP in excess of the Seventh Circuit's limited remand in *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020). Moreover, before plaintiffs made such requests with the accompanying legal arguments (as well as certain individual requests for relief) under seal, the Legislature could not possibly have known that the ability to review sealed documents would be a basis on which the Legislature needed to seek intervention to understand the substance and scope of the plaintiffs' arguments.

*Second*, the Legislature will already be filing a brief supporting defendants' motion for summary judgment and addressing plaintiffs' preliminary-injunction motions, so allowing the Legislature to intervene would not result in a different "strategy" between the Legislature and defendants that would "create delay, confusion, and disruption," as this Court previously concluded. Dkt. No. 362 at 7; *id.* ("[The Legislature] wants to move to dismiss the complaint instead [of conducting discovery]. That is not the strategy of the existing defendants, so the legislature's entrance into the case would simply create delay, confusion, and disruption."). The

Legislature has filed answers in intervention with this Motion, and the Legislature will not seek dismissal on the pleadings. This Court can also condition the Legislature's intervention on the basis that the Legislature will not file a motion to dismiss on the pleadings.

Moreover, amicus status is no longer "sufficient to protect the legislature's interests in the district court." *Id.* Late on September 18, 2020, plaintiffs filed preliminary-injunction motions regarding the current IDPP. Dkt. Nos. 390 (*One Wisconsin Institute* plaintiffs); 397 (*Luft* plaintiffs). The briefs accompanying those motions, however, were filed under seal, thus concealing all of plaintiffs' legal arguments—not just sensitive personal information. *See* Dkt. Nos. 403 (*One Wisconsin Institute* plaintiffs); 407 (*Luft* plaintiffs); *cf.* Western District of Wisconsin Administrative Order #337, General Rules for Filing Documents Under Seal (May 25, 2017) ("Any document filed under seal must be accompanied by a separately-filed, unsealed version that redacts only truly confidential information allowed by the court's prior order or supported in the party's motion."); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("Both litigants and judges may protect properly confidential matters by using sealed appendices to briefs and opinions.").

In fact, the *One Wisconsin Institute* plaintiffs' *motion* and specific *requests for relief* cross-reference plaintiffs' sealed briefs, which means that the Legislature does not even know the full scope of the relief plaintiffs request from this Court:

> The *One Wisconsin* plaintiffs, by their undersigned counsel, and pursuant to Fed. R. Civ. P. 65(a), respectfully move this Court for a preliminary injunction: . . . (2) ordering the defendants to undertake the emergency measures *set forth in Part IV-A of the* One Wisconsin

*plaintiffs' accompanying brief*; (3) ordering the Division of Motor Vehicles of the Wisconsin Department of Transportation to undertake the fundamental reforms of the IDPP called for by this Court four years ago, supplemented by the *additional proposals of* One Wisconsin *and* Luft *plaintiffs in the briefs they are filing today.*

Dkt. No. 390 at 1-2 (emphasis added).

The Legislature's interest is impaired if it cannot adequately represent (even as amicus) the State's interest in the defense of the enforceability of the IDPP in the upcoming November 3, 2020 general election. And the Legislature cannot further these interests if the Legislature does not even know the full range of plaintiffs' legal arguments and requested relief. Granting the Legislature intervention, on the other hand, would not only give the Legislature access to the sealed documents, it would also alleviate any pressure on plaintiffs to redact their briefs as they prepare their response briefs due imminently on September 22, 2020 and their arguments for the September 25, 2020 hearing.

* * *

Accordingly, in light of the changed circumstances of the litigation, the Legislature moves to intervene to defend the State's interest in the enforceability of the IDPP in the upcoming November 3 general election. Importantly, "the Legislature is willing to accept conditions" limiting the scope of its permissive intervention—namely, the Legislature not participating in the upcoming September 25, 2020 hearing, not participating in any future discovery in this case, and not filing a motion to dismiss on the pleadings. *Planned Parenthood*, 942 F.3d at 804.

## CONCLUSION

This Court should grant the Wisconsin Legislature's Motion to Intervene.

Dated this 21st day of September, 2020.

Respectfully submitted,

/s/ *Scott A. Keller*
Scott A. Keller
  *Counsel of Record*
BAKER BOTTS LLP
700 K Street, N.W.
Washington, DC 20001
(202) 639-7837
(202) 585-1023 (fax)
scott.keller@bakerbotts.com

Eric M. McLeod (State Bar No. 1021730)
Lane E. Ruhland (State Bar No. 1092930)
HUSCH BLACKWELL LLP
P.O. Box 1379
33 East Main Street, Suite 300
Madison, WI 53701-1379
(608) 255-4440
(608) 258-7138 (fax)
eric.mcleod@huschblackwell.com
lane.ruhland@huschblackwell.com

*Attorneys for the Proposed Intervenor Wisconsin Legislature*